## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STEVEN VALENZUELA,

        Petitioner,

v.                                                 CIV  NO. 04-535 JB/ACT

ROBERT ULIBARRI, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus. (Doc. No. 11).   The Motion was filed on August 16, 2004.  Petitioner has not responded.  The United States Magistrate Judge, having reviewed the Petition for a Writ of Habeas Corpus, the Motion to Dismiss, the Memorandum in Support, the Answer and the accompanying Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED and the Petition for a Writ of Habeas Corpus be DENIED ON THE MERITS.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment and Order Partially Suspending Sentence and an Order Revoking Probation and Imposing Judgment and Sentence of the Third Judicial District Court, County of Doña Ana, State of New Mexico in case No. CR 99-00399.  (Answer, Exhibits A and G).  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled guilty on November 8, 1999 to the offenses of Armed Robbery, a second degree felony with a firearm enhancement, and Contributing to the Delinquency of a Minor, a fourth degree felony.  The offenses occurred on or about May 5, 1999. (Answer, Exhibit A).

3.  Petitioner was sentenced to serve a term of nine (9) years followed by two (2) years of parole on the Armed Robbery offense, enhanced by one (1) year under the Firearm Enhancement statute, NMSA §31-18-16.  Petitioner was further sentenced to serve a term of eighteen (18) months followed by one (1) year of parole on the Contributing to the Delinquency of a Minor offense.  (Answer, Exhibit A).

4.  The sentences were ordered to be served consecutively resulting in a total sentence of eleven (11) years and six (6) months followed by two (2) years on parole. (Answer, Exhibit A).

5.  The Court ordered "that the Defendant shall serve one (1) year of this sentence in the custody of the New Mexico Corrections Department to be followed by a term of two (2) years on parole under the supervision of the Field Services Division of the New Mexico Corrections Department.  The remainder of the Defendant's sentence, which is ten (10) years and six (6)

months, shall be suspended.  Upon completion of the term of imprisonment and release from custody, the Defendant shall be placed on probation for a period of five (5) years under the supervision of the Field Services Division of the New Mexico Corrections Department, which shall run concurrent with the parole term imposed above." (Answer, Exhibit A).

6.  The Court further ordered "that the Administrator of the Dona Ana County Detention Center take the Defendant into custody and arrange to transport the Defendant to the New Mexico Corrections Department where the Defendant is to be confined for the above term.  The Defendant shall receive pre-sentence confinement credit from June 4, 1999, the date the Defendant was arrested, through March 13, 2001, the date of the court's letter sentencing the Defendant, for a total of six hundred forty nine (649) days.  The Defendant shall further receive credit for such post-sentence confinement served by the Defendant prior to the filing of this Judgment and Order."  (Answer, Exhibit A).

7.  The Court ordered that seventeen (17) special conditions apply to the Defendant's probation.  Among the conditions were that the Defendant shall not use or possess any controlled substance, except as prescribed by a physician, the Defendant shall submit to random urinalysis and that Defendant shall enter into, actively participate in and successfully complete the Community Corrections Program as directed by the Field Services Division of the New Mexico Corrections Department.  (Answer, Exhibit A).

8.  The Judgment and Order Partially Suspending Sentence described above in Paragraphs 3 through 8 was filed of record June 4, 2001.  At that time, Defendant was entitled to credit for confinement of over six hundred forty nine (649) days plus any time he served after March 13, 2001, well more than the one year Defendant had been ordered to serve. (Answer, Exhibit A).

9.  The Doña Ana County Detention Center released Petitioner from custody upon receipt of the Judgment and Order Partially Suspending Sentence.  Petitioner protested that he was to be transported to the Department of Corrections "at which time a staff member stated 'We are not transporting you. You're being released, so pack your stuff.'" (Petitioner's Application for Writ of Habeas Corpus, Doc. No. 1).

10.  After Petitioner was released from custody, Petitioner's mother called the Probation Department and was told that Petitioner was not on probation.  Petitioner never reported to the Probation Department and did not comply with the specific conditions of his probation. (Doc. No. 1 and Answer, Exhibit A) .

11.  As Petitioner explained, he walked the streets for six months before the Probation Department called him on approximately September 14, 2001 and told him to report at once. Upon reporting, Petitioner was ordered to give a urine sample which tested positive for controlled substances, amphetamines and cocaine.  Another urine tested positive for controlled substances on September 24, 2001.  (Doc. No. 1 and Answer, Exhibit F).

12.  A Petition to Revoke Probation was filed of record October 11, 2001 accompanied by a Report of Probation Violation dated September 28, 2001. (Answer, Exhibit E).  The Petitioner was jailed on account of his probation violations from September 28, 2001 until November 27, 2001 when he posted bond.  (Answer, Exhibit F).

13.  Petitioner was arrested on a charge of receiving stolen property over $250 on December 3, 2001.  (Answer, Exhibit F).  On December 12, 2001, an Amended Petition to Revoke Probation was filed alleging two additional probation violations, the arrest on December 3, 2001 and Petitioner's failure to report to his probation officer from November 27 to December

3, 2001. (Answer, Exhibit F).

14.   An Order Revoking Probation and Imposing Judgment and Sentence was entered of record on July 31, 2002 at which time Petitioner's Probation was revoked and Petitioner was ordered to serve the balance of his eleven (11) year and six (6) month sentence with credit for time Petitioner had served from June 4, 1999 to the date of the filing of the Order.  (Answer, Exhibit G).

15.   At all times during these proceedings, Petitioner was represented by appointed counsel and appeared in person at his court proceedings.  (Answer, Exhibits A - G).

16.   On August 2, 2002, Petitioner, through his appointed counsel, filed a Motion to Reconsider and Modify his Sentence.  (Answer, Exhibit H).  The Motion was denied by the Sentencing Judge on August 16, 2002. (Answer, Exhibit I).

17.   On December 31, 2003, Petitioner filed a *pro se* Motion to Correct an Illegal Sentence arguing that he was induced into his plea of guilty by the State's promise of leniency, a promise which was not fulfilled by the State.  (Answer, Exhibit J).  The Motion, which was treated by the District Court Judge as a Petition for Habeas Corpus, was denied on January 29, 2004.  (Answer, Exhibit K).

18.   Petitioner filed a *pro se* Petition for a Writ of Certiorari in the Supreme Court of New Mexico on February 19, 2004, again presenting the argument that his plea of guilty was induced by an unkept promise of leniency. (Answer, Exhibit L).  The Petition was denied on March 4, 2004. (Answer, Exhibit N).

19.   On May 14, 2004,  Petitioner filed his *pro se* federal Petition for a Writ of Habeas

Corpus[1]. (Doc. No. 1).  The Petition presented the same argument as he had in his state Petition

for Habeas Corpus and his Writ of Certiorari in the state Supreme Court - that he had been

induced into his plea of guilty by an unkept promise of leniency. (Doc. No. 1).

20.  Respondent answered and moved to dismiss on August 16, 2004.  (Docs. No. 11 and

13).

DISCUSSION

21.  The federal statute governing applications for a writ of habeas corpus, 28 U.S.C.

§2254, states:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State Court proceedings.

---

[1]The Court has some concern that the one year time limit of the AEDPA for applications
for a writ of habeas corpus by persons in custody pursuant to a judgment of a state court has
passed. The statute states that, "The limitation period shall run from the latest of -
>  (A) the date on which the judgment became final by the conclusion of
>  direct review or the expiration of the time for seeking such review..."28
>  U.S.C. §2244 (d)(1).
It appears from the Exhibits attached to the Answer that more than one year has passed from the
time the judgment became final, in late 2002, and the Petitioner's state petition for the Writ of
Habeas Corpus on December 31, 2003.  However, the Respondent has not raised this issue.  Nor
does it appear that the equitable tolling provisions apply.  Nevertheless, since the claim of the
Petitioner was addressed on the merits by the Respondent, the Court will likewise address the
merits of Petitioner's claim.

22.   Petitioner's claim has been adjudicated by the state courts below in his Motion to Correct an Illegal Sentence, which was treated by the state District Court as a Petition for a Writ of Habeas Corpus, and in his Petition for Certiorari to the Supreme Court of New Mexico.   The District Court Judge denied the Petition for a Writ of Habeas Corpus on the merits.  The District Court opinion stated,

> The defendant entered an admission to violating his probation in open Court on July 23, 2002. At that time, the Court determined that there was a sufficient basis to accept the admission and the that the plea was knowing, intelligent and voluntary and not the result of threats, force or promises.  As a matter of law, the defendant is not entitled to relief. *See State v. McCoy*, 116 N.M. 491 (Ct. App. 1993).

(Answer, Exhibit K).  The Supreme Court of New Mexico denied the Petition for Certiorari without comment.

23  The issue before this Court is whether the adjudication on the merits below resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in an unreasonable determination of the facts.

24.  A close reading of Petitioner's argument reveals that there is no basis for his assertion that his plea of guilty was induced by an unkept promise of leniency by the State.  The plea agreement entered into by the Petitioner and the State of New Mexico is easily summarized.

The Defendant agreed to plead guilty to two offenses, Armed Robbery with a Firearm Enhancement, a second degree felony, and Contributing to the Delinquency of a Minor, a fourth degree felony.  There was no agreement as to sentencing.  The State agreed to dismiss Count 2 of the Indictment.  Other agreements concerning restitution and waiver of defenses and appeal were included but are not at issue here.  Lastly, the agreement stated "I understand that if the court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the

terms and conditions therefor are subject to modification in the event that I violate any of the

terms or conditions imposed."  (Answer, Exhibit C).

Petitioner, represented by appointed counsel, signed and dated the Plea and Disposition

Agreement.  The Court, Petitioner's counsel and the State all approved the Agreement. (Answer,

Exhibit C).  There is no dispute that the State dismissed Count 2 of the Indictment as it had

promised and that Petitioner pled guilty, as promised, to the remaining two counts of the

Indictment.  There is no evidence in the record, and Petitioner has not pointed to any evidence,

that the State failed to keep its part of the plea agreement.  *See*, *Santobello v. New York*, 404 U.S.

257 (1971).

25.  What Petitioner is actually asserting is that there was a mistake of fact.  He was under

the impression that because he had not served his one year sentence in a correctional facility under

the jurisdiction of the New Mexico Correctional Department (a state prison rather than a county

jail), his two year sentence of probation had not begun.  Petitioner argues that he understood his

sentence to require that first he had to serve one year in a state prison <u>after which</u> his two year

probation would begin.  Having never been incarcerated in a state prison, Petitioner honestly

believed that he was not on probation.  This belief that was reinforced by his mother's phone call

to the local Probation Office which apparently informed his mother that Petitioner was not on

probation.  The irony of this mistaken belief of course is that he had served almost two years in

the local county jail, the Doña Ana County Detention Center, at the time of his sentencing, which

had, as the Administrator of the Doña Ana County Detention Center realized, more than fulfilled

his sentence of one year.  Therefore, the county correctional officers told Petitioner, despite his

protests that he was to be transported to the Department of Corrections, "We're not transporting

you. You're being released, so pack your stuff." (Doc. No. 1).

26.  Petitioner, in support of his argument,  has consistently quoted those portions of his sentence that requires that he "serve one (1) year of this sentence in the custody of the New Mexico Corrections Department" ... and that "Upon completion of this term of imprisonment and release from custody, the Defendant shall be placed on probation for a period of five (5) years. ... IT IS ORDERED that the Administrator of the Dona Ana County Detention Center take the Defendant into custody and arrange to transport the Defendant to the New Mexico Corrections Department where the Defendant is to be confined for the above term."  (Answer, Exhibit A).

27.  However, as the District Court judge wrote in the opinion denying Petitioner's state Application for the Writ of Habeas Corpus, Petitioner entered an admission to violating his probation in open Court on July 23, 2002.  The New Mexico District Court found the admission, which was accepted as a plea, to be knowing, intelligent and voluntary and not the result of threats, force or promises. (Answer, Exhibit K).

28.  Clearly established federal law states that when a criminal defendant enters a plea of guilty, the defendant is not only stating that he did the acts described in the indictment, or in this case, the Amended Petition to Revoke Probation, but that he is admitting guilt of a substantive crime.  *United States v. Broce*, 488 U.S. 563, 570 (1989); *State v. McCoy*, 116 N.M. 491, 864 P.2d 307 (Ct. App. 1993), *aff'd in part and rev'd in part* by *State v. Hodge*, 118 N.M. 410, 882 P.2d 1 (1994).  The substantive crime to which Petitioner pled guilty was "violating his probation".  (Answer, Exhibit K).  The state court decision below, denying the Petitioner's writ for habeas corpus, determined that having admitted in open court to violating his probation in a knowing, intelligent and voluntary basis, the Petitioner was precluded from subsequently attacking

9

the sufficiency of the evidence.

The state court read the Petitioner's petition, as does this Court, as arguing that while Petitioner may have committed the acts of using a controlled substance, failing to report to his probation officer and receiving stolen property, that those acts did not constitute violations of his probation by the belief, apparently clearly established in Petitioner's mind, that he was not on probation in the first place. The state court rejected this argument finding that the acts Petitioner voluntarily admitted to in open court constituted violations of his probation.  By admitting to the acts described in the Amended Petition to Revoke Probation, the Petitioner necessarily admitted that he violated certain conditions of his probation and is precluded from now arguing that those acts did not constitute a violation of his probation.

The Supreme Court of the United States in *United States v. Broce*, supra, ruled that a criminal defendant cannot plead guilty in open court to a certain crime and then argue on appeal that the various acts which he committed do not constitute a crime.  "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."  *Id.*, at 570.  The state District Court correctly ruled that Petitioner, having pled guilty to violating his probation, is precluded from now arguing that the acts he committed do not constitute violations of probation.

29.  The Court finds that the state court adjudication of the Petitioner's claim resulted in a decision that was not contrary to, or involved an unreasonable application of, clearly established federal law.  Nor does this Court find that the decision below was based on a unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner admits in his pleadings that at least one of his urinalysis tests was positive for controlled

10

substances stating candidly that had the State "done it duty [to place Petitioner in a state prison for one year] the defendant would 'NOT' have been on the streets to give a positive urine." [sic] (Answer, Exhibit J).  The state court below found that the Petitioner's plea, admitting that he violated the conditions of his probation, was made knowingly, intelligently and voluntarily and was not the result of threats, force or promise.  Petitioner has not presented any evidence to contradict these findings of the state court.  Therefore, this Court concludes that the state court decision below is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## CONCLUSION

The claims presented by Petitioner has been addressed on the merits by the state court below.  Having reviewed the state court decision this Court finds that the decision is not contrary to clearly established federal law nor does it involve an unreasonable application of clearly established federal law.  The decision below is based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings. The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED ON THE MERITS and that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW,

Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections

within the ten day period allowed if that party wants to have appellate review of the proposed

findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE